# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

FILED
CHARLOTTE, NC

SEP 04 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

**Carroll Murray,** Plaintiff,

v.

**Trans Union, LLC,** Defendant.

Civil Action No: 3:25-CV-669-KDB

## COMPLAINT (FCRA) – JURY TRIAL DEMANDED

## I. INTRODUCTION

1. This is an action for damages under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., arising from Trans Union's failures to: (a) follow reasonable procedures to assure the maximum possible accuracy of information in Plaintiff's consumer report, 15 U.S.C. § 1681e(b); and (b) conduct a reasonable reinvestigation of Plaintiff's written disputes, 15 U.S.C. § 1681i(a).

2. Plaintiff seeks actual, statutory, and punitive damages, along with costs and any available fees, for Trans Union's willful and/or negligent noncompliance. See 15 U.S.C. §§ 1681n, 1681o.

## II. JURISDICTION AND VENUE

3. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

4. Venue is proper in this District because a substantial part of the events and harms occurred here and Plaintiff resides in this Division (Charlotte). See 28 U.S.C. § 1391(b).

## III. PARTIES

5. Plaintiff Carroll Murray is a natural person residing at 8728 Hazelcroft Ln, Charlotte, NC 28269.

6. Defendant Trans Union, LLC ("Trans Union") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) that regularly assembles and sells consumer reports.

## IV. FACTUAL ALLEGATIONS

7. Plaintiff obtained and reviewed a Trans Union consumer report and discovered inaccurate and/or incomplete information that adversely affected Plaintiff's credit standing, creditworthiness, and reputation.

8. On multiple occasions, Plaintiff notified Trans Union of these inaccuracies via written disputes and supporting documentation and requested correction or deletion.

9. Despite receiving Plaintiff's disputes, Trans Union failed to conduct a reasonable reinvestigation, continued to report inaccurate or incomplete information, and failed to timely and fully correct Plaintiff's file

1

as required by 15 U.S.C. § 1681i(a).

10. Trans Union also failed to maintain reasonable procedures to assure the maximum possible accuracy of the information in Plaintiff's file, resulting in publication of inaccurate information to third parties, in violation of 15 U.S.C. § 1681e(b).

11. Trans Union's conduct caused Plaintiff out-of-pocket expenses, time lost, credit denials or less favorable terms, and emotional distress including embarrassment, anxiety, and sleeplessness.

12. Courts have repeatedly emphasized the need for reasonable investigations of consumer disputes. In Norman v. Trans Union, LLC, Case No. 2:18-cv-05225-GAM (E.D. Pa.), a class action challenged Trans Union's handling of disputes related to hard inquiries; the matter reached settlement. This underscores the importance of compliant dispute investigations under the FCRA.

## V. SELECTED AUTHORITIES

13. Reasonable Reinvestigation (15 U.S.C. § 1681i). The Third Circuit has held that a CRA's reinvestigation must be reasonable and go beyond parroting the furnisher when alerted to potential inaccuracies. See, e.g., Cushman v. Trans Union Corp., 115 F.3d 220 (3d Cir. 1997).

14. Accuracy and Procedures (15 U.S.C. § 1681e(b)). The Fourth Circuit recognizes CRA liability where unreasonable procedures result in inaccurate reporting. See Dalton v. Capital Associated Indus., Inc., 257 F.3d 409 (4th Cir. 2001).

15. Damages, including Emotional Distress. Emotional-distress damages are recoverable for FCRA violations. See Sloane v. Equifax Info. Servs., LLC, 510 F.3d 495 (4th Cir. 2007).

16. Punitive Damages for Reckless Disregard. Courts have sustained punitive damages where Trans Union's procedures were inadequate. See Cortez v. Trans Union, LLC, 617 F.3d 688 (3d Cir. 2010).

## VI. CLAIMS FOR RELIEF

### Count I — Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy (15 U.S.C. § 1681e(b))

17. Plaintiff realleges ¶¶ 1–16.

18. Trans Union failed to establish and follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff, in violation of 15 U.S.C. § 1681e(b).

19. As a direct and proximate result, Plaintiff suffered damages including denials, increased costs of credit, loss of time, and emotional distress.

20. Trans Union's conduct was willful, or alternatively negligent, entitling Plaintiff to relief under 15 U.S.C. §§ 1681n and/or 1681o.

### Count II — Failure to Conduct a Reasonable Reinvestigation (15 U.S.C. § 1681i)

21. Plaintiff realleges ¶¶ 1–20.

22. After receiving Plaintiff's disputes, Trans Union failed to conduct a reasonable reinvestigation, failed to delete/correct inaccurate information, failed to review all relevant information provided by Plaintiff, and failed to provide required notices, in violation of 15 U.S.C. § 1681i(a).

2

23. As a direct and proximate result, Plaintiff suffered the damages described above.

24. Trans Union's conduct was willful, or alternatively negligent, entitling Plaintiff to relief under 15 U.S.C. §§ 1681n and/or 1681o.

## Count III — Willful Noncompliance (15 U.S.C. § 1681n), or in the Alternative Negligent Noncompliance (15 U.S.C. § 1681o)

25. Plaintiff realleges ¶¶ 1–24.

26. Trans Union's acts and omissions constitute willful noncompliance with the FCRA, or in the alternative negligent noncompliance.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Trans Union and award:

A. Actual damages (including economic and emotional-distress damages) in an amount to be proven at trial;

B. Statutory damages for willful violations under 15 U.S.C. § 1681n(a)(1)(A);

C. Punitive damages for willful noncompliance under 15 U.S.C. § 1681n(a)(2);

D. Costs of suit and any other relief the Court deems just and proper (and, if applicable, fees under §§ 1681n, 1681o);

E. Injunctive/Equitable relief requiring Trans Union to correct/delete the inaccurate information and implement procedures to prevent recurrence; and

F. A statement that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Date: 9/4/25

*[signature]*

**Carroll Murray, Plaintiff Pro Se**

8728 Hazelcroft Ln

Charlotte, NC 28269

Phone: (270) 341-2513

Email: Murraycrrll@mail.com