# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:25-CV-00669-KDB-DCK

| | |
|---|---|
| **CARROLL MURRAY,** | |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM AND ORDER** |
| **TRANS UNION, LLC,** | |
| **Defendant.** | |

THIS MATTER is before the Court on Defendant's Motion to Set Aside Entry of Default (Doc. No. 9, which Plaintiff opposes. The Court has carefully reviewed the motion and considered the parties' filings. For the reasons discussed below, the Court will GRANT the motion.

Federal Rule of Civil Procedure 55(c) allows the Court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). While "good cause" is not defined in Rule 55(c), "a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (quoting *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006)). Courts have "a strong preference that, as a general matter, defaults should be avoided and that claims and defenses be disposed of on their merits." *Id.* (citing *Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990)).

Further, a summons must be issued and served with the Complaint in accordance with the Federal Rules of Civil Procedure before a federal court may exercise personal jurisdiction over a

1

defendant. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Latten v. EverBank N.A.*, No. 3:25-CV-00228-KDB-SCR, 2025 WL 2608663, at *1 (W.D.N.C. Sept. 9, 2025). Defendant contends that Plaintiff has not yet properly served Defendant so the Court had no jurisdiction to enter default. The Court agrees.

Under Federal Rule of Civil Procedure 4(h), a domestic corporation, partnership, or other association must be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h). This can also be accomplished via the method prescribed by Rule 4(e)(1) for serving an individual, which includes following the laws of the state where the district court is located, here North Carolina.

North Carolina Rule 4(j)(6) states that a domestic corporation may be properly served by: (a) delivering a copy of the summons and complaint to an officer, director, or managing agent or by leaving copies thereof in the office of such officer, director, or managing agent, (b) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to be served or to accept service, (c) mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b, or (d) depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt. As used in this subsubdivision, "delivery receipt" includes an electronic or facsimile receipt. N.C. Gen. Stat. § 1A1, Rule 4(j)(6) (2025).

The Complaint was served to a P.O. Box rather than an officer or agent of Trans Union. Also, it was addressed to "TransUnion LLC" rather than a specific director, officer, or agent. Therefore, service has not been properly made under either Federal Rule 4(h) or North Carolina Rule 4(e)(1). In the absence of proper service, the default must be set aside.

Even if service had been properly made, the Court finds that Defendant has made the necessary showing to set aside entry of default. To show that it has a meritorious defense, Defendant "should proffer evidence which would permit a finding for the defaulting party." *Kirbbler v. Zen Enterprises Corp.*, 1:20-cv-20008-JRR, 2024 WL 361329, at *2 (D. Md. 2024) (citing *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988)). Defendant's motion offers a plausible defense that could permit a finding for the Defendant. Defendant also acted with reasonable promptness, filing its motion within a few weeks of learning of the lawsuit and entry of default. The Court further finds that Plaintiff has not been prejudiced. "[D]elay in and of itself does not constitute prejudice to the opposing party." *Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Generali-U.S. Branch*, No. CV JKB-23-02746, 2024 WL 1194737, at *4 (D. Md. Mar. 20, 2024) (quoting *Colleton Preparatory Academy*, 616 F.3d at 418). Moreover, a few months delay between the original date for filing an answer and the case now proceeding forward (once service has been properly established) does not appear categorically unfair given the typically long length of civil litigation. *See Quarles v. Wells Fargo Bank, N.A., Civ.*, No. GJH-20-3200, 2022 WL 952025, at *6 (D. Md. Mar. 30, 2022) ("Where there is a brief delay in the adversarial process, courts will generally find that there is no prejudice to plaintiff.") (quotation omitted). Finally, there is no history of dilatory action by Defendant.

To conclude, the Court finds that, when weighing the relevant factors alongside the preference for litigation to be decided on the merits, the Defendant has made the necessary showing

to set aside entry of default. *See Jones v. Nat'l Ass'n U.S. Bank Tr. Co.*, No. 5:23-CV-00203-KDB-DCK, 2024 WL 2870001, at *1–2 (W.D.N.C. June 6, 2024).

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Set Aside Default (Doc. No. 9) is **GRANTED**

2. Plaintiff's Motion for Default Judgment (Doc. No. 8) is **DENIED;**

3. The Parties are directed to meet and confer regarding acceptance of service of process within 7 days of this Order;[1] and

4. Defendant is directed to answer or otherwise respond to the Complaint within 21 days of this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 18, 2026

Kenneth D. Bell
United States District Judge

---

[1] Defendant not only has actual notice of Plaintiff's claims; it has appeared through counsel and engaged on the merits of Plaintiff's claims in connection with briefing its Motion to Set Aside Default. Therefore, consistent with Rule 4(d) and the interests of all parties and the Court in the efficient consideration of the merits of this action, the Court is directing the Parties to discuss acceptance of service rather than engage in further litigation over that initial procedural step, if it can be avoided.

4