**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE  DIVISION**
**CIVIL ACTION NO. 3:25-CV-00669-KDB-DCK**

| | |
|---|---|
| CARROLL MURRAY, | |
| **Plaintiff,** | |
| v. | **MEMORANDUM AND ORDER** |
| TRANS UNION, LLC, | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant TransUnion LLC's Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim for violation of the Fair Credit Reporting Act (FCRA), U.S.C. §§ 1681e(b), 1681i. (Doc. No. 19). At its core, the FCRA requires that a plaintiff allege, with more than conclusory allegations, that a consumer reporting agency ("CRA") reported materially inaccurate financial information about a consumer. After  careful review of the Amended Complaint and the  parties' briefs,  exhibits and other submissions, the Court finds that Plaintiff has failed to sufficiently allege specifically how Defendant's reporting was inaccurate. Rather, Plaintiff appears to complain about numerous issues separate and apart from the accuracy of the amounts due to his creditors. Therefore,  the Court will **GRANT** the Motion to Dismiss, but will do so without prejudice to permit Plaintiff (if he chooses to refile this action) to provide the additional factual detail necessary for his claims to proceed.

## I.      LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp.*

1

*v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cty., N. Carolina*, No. 19-2012, 2022 WL 53977, at *1 (4th Cir. Jan. 5, 2022); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Further, this Court is required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

Finally, when deciding a motion to dismiss, "a court considers the pleadings and any materials 'attached or incorporated into the complaint.'" *Fitzgerald Fruit Farms LLC v. Aseptia, Inc.*, 527 F. Supp. 3d 790, 796 (E.D.N.C. 2019) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). The Court may also consider documents attached to a motion to dismiss when they are "integral and explicitly relied on in the Complaint," and where "plaintiffs do not challenge [the document's] authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015).

## II.      FACTS AND PROCEDURAL HISTORY

Pro se Plaintiff Carroll Murray is a resident of Charlotte, North Carolina, and Trans Union is a CRA. Doc. No. 17 at 1. Plaintiff alleges that Trans Union reported financial information about his debts and, in doing so, violated the FCRA. Specifically, he asserts claims under 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i. Doc. No. 17 at 3. Plaintiff claims that Trans Union "prepared and published consumer reports concerning Plaintiff containing inaccurate and misleading information, related to six separate tradelines, or credit accounts, including Kovo Inc., Credit One Bank, Navy Federal Credit Union, Capital One, Regional Finance, and an "Unknown Creditor." *Id.* at 1-2, Doc. No. 17-1 at 3-6.

After learning of these reports, Plaintiff allegedly disputed their accuracy with Trans Union in a series of messages through certified mail. Doc. No. 17 at 2; *see* Doc. No. 17-1, Doc. No. 17-2 at 2. Plaintiff claims that Trans Union then "failed to conduct a reasonable reinvestigation" and continued to report the allegedly inaccurate information. Doc. No. 17 at 2.

With respect to harm, Plaintiff claims that Trans Union's alleged violations of 15 U.S.C. §§ 1681e(b) and 1681i resulted in multiple denials of credit from lenders, including Upstart, American Express, Wells Fargo, and U.S. Bank. *Id.* at 2-3. These lenders, in denying Plaintiff

3

credit, allegedly cited such factors as "serious delinquency," and "number of accounts with delinquency." Doc. No. 17-4 at 2. Based on these allegations, Plaintiff claims compensatory damages, including loss of at least the credit opportunities listed above, higher cost of credit, loss of time spent disputing the alleged inaccuracies, and emotional distress. Doc. No. 17 at 3. Plaintiff also seeks statutory damages, punitive damages, and the costs of bringing this action. *Id.*

This action was filed on September 4, 2025. On April 9, 2026, after delays in the litigation related to entry of default and setting it aside, Trans Union filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff failed to allege facts sufficient to support a claim for relief. Doc. Nos. 1, 13. Then, on April 20, 2026, Plaintiff filed an Amended Complaint, which prompted a second Motion to Dismiss on the same grounds. Doc. Nos. 17, 19. Plaintiff then filed a "Notice of Supplemental Factual Clarification," which the Plaintiff appears to have intended (and the Court will construe) as a response to the renewed Motion to Dismiss. Doc. No. 20. No reply was filed. The motion is fully briefed and ripe for this Court's review.

### III.    DISCUSSION

Plaintiff first brings a claim under § 1681e(b), which provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Therefore, a CRA violates the statute when "(1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy." *Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001) (citing *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)). In its Motion, Trans Union argues that Plaintiff fails to properly allege inaccuracies or incompletions within his consumer report and therefore does not satisfy

§1681e(b).[1] Doc. No. 19-1 at 7; *see Peoples v. Equifax Info. Sols.*, 2023 WL 6883650 at *2 (W.D.N.C. Oct. 18, 2023).

Similarly, Plaintiff's second claim, under 15 U.S.C. § 1681i, requires that a plaintiff must show "(1) that he disputed the accuracy of an item in his or her credit file; (2) the CRA failed to conduct a reasonable reinvestigation; and (3) that a reasonable reinvestigation by the CRA could have uncovered the inaccuracy." *Letren v. Trans Union, LLC*, No. CV PX 15-3361, 2017 WL 445237, at *11 (D. Md. Feb. 2, 2017). Stating a claim under § 1681i thus also necessarily requires that a plaintiff show an inaccuracy within his consumer report. *Perry v. Toyota Motor Credit Corp.*, No. 1:18CV00034, 2019 WL 332813, at *4 (W.D. Va. Jan. 25, 2019) ("[A] consumer alleging a violation of § 1681i must first show that his credit file contains inaccurate or incomplete information." (internal citations omitted)).

Significantly, under both statutes, not every incorrect item in a credit report – no matter how much it is wrong or its importance - violates the statute; instead, "inaccuracies" within the meaning of the FCRA occur when information is "'patently incorrect' or when it is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse []' effect." *Dalton*, 257 F.3d at 415 (quoting *Sepulvado v. CSC Credit Servs.*, 158 F.3d 890, 895 (5th Cir. 1998)). Further, a plaintiff must plead an inaccuracy using some objective evidence, and not solely with subjective belief. *Peoples,* 2023 WL 6883650, at *2 ("[T]he standard of accuracy embodied in [the FCRA] is an objective measure.").

---

[1] This fundamental requirement also applies to §1681i; indeed, courts apply "the same understanding of 'inaccurate' in analyzing § 1681e and § 1681i claims." *Wallace v. Equifax Info. Servs., LLC*, No. 5:23-CV-279-BO-RN, 2024 WL 218622, at *2 (E.D.N.C. Jan. 19, 2024) (quoting *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)).

Applying these principles, the Court will examine in turn each of the six credit accounts. *See* Doc. No. 17 at 1-2.[2]

A. **Kovo Inc.**
1. Reported 30–60-day late payments on a low-dollar ($10/month) account, which is misleading and disproportionate.
2. Failed to identify the original creditor or provide complete account terms.

Neither of these allegations reflect a claimed inaccuracy. In other words, Plaintiff complains that his low-dollar delinquencies should not have been reported (citing no authority for that conclusion) but does not say that the amounts or extent of the delinquencies are incorrect. Similarly, the failure to identify "the original creditor" or "complete account terms" says nothing about the accuracy of the delinquencies reported.

B. **Credit One Bank (Acct ending 7963)[3]**
1. Reported excessive past-due balances and late payments inconsistent with the account status.
2. Reported balances exceeding credit limits and included fees not properly verified.

Although Plaintiff alleges "excessive past-due balances," it appears that the basis for that claim (which does not in any event identify which balances are wrong and by how much) is that those balances "exceeded credit limits." Past-due balances may exceed the stated "credit limit" for many reasons, including the addition of late fees and interest, or simply that the lender provided

---

[2] The relevant factual allegations are limited to the Amended Complaint, even though Plaintiff's response to the Motion to Dismiss purportedly alleges "supplemental" facts. *See Couch v. City of Virginia Beach*, 768 F. Supp. 3d 741, 748 (E.D. Va. 2025) ("It is well-settled that a complaint may not be amended by   the briefs in opposition to a motion to dismiss.")   (internal quotations omitted). In any event, none of the additional allegations in Plaintiff's response would change the result here.

[3] Plaintiff's allegations (in the Amended Complaint and the Notice of Supplemental Factual Clarification) identify the account in question as "ending [in] 7963." Doc. No. 17 at 2. However, no documentation provided in support of his Credit One Bank allegation contains any Credit One Bank account that ends in 7963. *See* Doc. No. 17-1 at 2, 4, 7; Doc. No. 17-3 at 7-8.

6

credit in excess of the limit. As with the issues raised with the previous account, whether or not

the past-due balance exceeds the credit limit is a different question than whether the past-due

balance is correct.[4]

    C. **Navy Federal Credit Union**
        1.    Reported account as "charged-off' while simultaneously reporting payment activity inconsistent with charge-off status.
        2.    Reflected inaccurate late payment history inconsistent with actual account behavior.

As with the previous accounts, the issues Plaintiff complains of with this account do not

reflect an "inaccuracy" in the credit report. A lender may or may not accept or receive payments

on accounts that have been written off, but that does not mean that the underlying amount of the

debt or the status of the account is incorrect. For example, Plaintiff does not allege that this account

was not in fact "charged off" or that the payment activity is inaccurate. Moreover, Plaintiff appears

to be referencing two separate accounts: a credit card which was charged off, and a secured

installment loan that was paid off and closed. Doc. No. 17-3 at 4, 6.

    D. **Capital One**
        1.    Reported incomplete or unverifiable account information.
        2.    Failed to provide sufficient data to support negative reporting.

Plaintiff's allegations with respect to this account lack even the detail provided for the

accounts discussed above. The Court cannot determine from these allegations which account

information Plaintiff contends is "incomplete" or "unverifiable," nor can the Court determine the

materiality of any potential inaccuracy. Therefore, the allegations related to this account are

insufficient to support Plaintiff's claims. *See Peoples*, 2023 WL 6883650 at *2 ("The Complaint

---

[4] Of course, if the past-due balance is materially incorrect then the fact that it is above the credit limit may be evidence related to whether the CRA acted reasonably in reporting the information. However, the first fundamental question is if the past-due balance is wrong.

lacks any concrete factual allegations regarding the reporting of any inaccurate credit information."); *Dalton,* 257 F.3d at 415 (report is not inaccurate such that it is "misleading in such a way…that it can be expected to have an adverse' effect.").

E. **Regional Finance**
　　1.　　Reported past-due balances and late payments on an account lacking a defined credit limit.
　　2.　　Information was misleading and unverifiable.

As with the Credit One Bank account discussed above, whether or not Plaintiff's reported past-due accounts had a defined credit limit and the amount of the delinquency in relation to the credit limit does not indicate if the amount of the past-due balance is correct or incorrect.[5] So, there is no alleged "inaccuracy." Also, Plaintiff fails to identify the information that he contends is "misleading and unverifiable." Therefore, Plaintiff has not sufficiently alleged facts that state a claim with respect to this account.

F. **Unknown Creditor (Acct ending 7805)**
　　1.　　Reported a charged-off balance of approximately $472 on a $300 limit account.
　　2.　　Provided no contract, billing records, or validation.

This final account reprises the same issues discussed several times above. Again, Plaintiff fails to allege that the "charged-off balance" on this account was incorrect – only that is more than the "limit" on the account. Also, the second allegation with respect to records does not allege any inaccuracy. Therefore, the allegations for this account, as with the other five accounts, fail to state

---

[5] In his Notice of Supplemental Factual Clarification, Plaintiff further explains that he "disputes the reporting of past-due balances and delinquency information associated with an account lacking a defined revolving credit limit, resulting in misleading reporting concerning utilization and account status." Doc. No. 20 at 2. While it is true that secured installment loans do not have a revolving credit limit, Plaintiff does not explain why Trans Union reporting past-due balances and late payments on such a loan constitutes an inaccuracy.

8

a claim under §§ 1681e(b) and 1681i and Trans Union's Motion to Dismiss will be granted as to both claims.

However, in light of Plaintiff's *pro se* status, the Court will enter the dismissal without prejudice to permit him, if he chooses to do so, to allege sufficient, actual evidence of material inaccurate reporting or other violations of the statutes in accordance with the analysis described in this Order.[6]

## IV.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 19) is **GRANTED;** and

2. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: June 23, 2026

Kenneth D. Bell
United States District Judge

---

[6] To be clear, Plaintiff may not simply reallege what he has previously claimed in his earlier pleadings in a new action. Rather, he must allege specific inaccuracies or other unlawful conduct in sufficient detail that the Court could determine not only the nature of his complaints but whether or not they were materially inaccurate or misleading.

9